JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-9341 PA (JEMx) | Date | February 14, 2023 |
|---|---|---|---|
| Title | Sunnie H. Han v. John Nutt, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

The Court has received Plaintiff Sunnie H. Han's ("Plaintiff") Voluntary Dismissal of Fifth Cause of Action of Fifth Amended Complaint for Damages.  (Docket No. 19.)  Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court therefore dismisses, without prejudice, Plaintiff's 42 U.S.C. § 1983 claim for Conspiracy to Violate Civil Rights/Deprivation of Rights.

The only remaining claims are those brought by Plaintiff under state law.  The Court possesses only supplemental jurisdiction over these remaining state law claims pursuant to 28 U.S.C. § 1367(a).  Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies."  Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994).  Thus, the Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

The Court declines to exercise supplemental jurisdiction over Plaintiff's individual state law claims because the Court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  The Court further exercises its discretion to remand the action.  See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining.").  Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. 19STCV31873.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-9341 PA (JEMx) | Date | February 14, 2023 |
|---|---|---|---|
| Title | Sunnie H. Han v. John Nutt, et al. | | |